BOWEN, Judge.
The twenty-eight year old appellant was indicted and convicted for the rape of an eight year old female child. The incident occurred on March 11, 1978, in a deserted apartment complex in the Jackson Heights area of Montgomery, Alabama.'
I
Though the prosecutrix was only eight years old she was positive in her testimony that she was raped by the appellant. As stated by appellate counsel, “It is without dispute that the prosecutrix in the case at bar, at one time or another, testified to facts that constitute rape”. Although there are some apparent conflicts in this child’s testimony concerning whether she had ever seen the appellant’s automobile, whether he pulled his pants down, and whether she knew what the word “rape” meant, these matters go to the weight and credibility to be afforded her testimony by the jury. Crenshaw v. State, 205 Ala. 256, 87 So. 328 (1921). The trial judge, in the exercise of his sound discretion, rightfully determined that the child was competent to testify. Wade v. State, 50 Ala. 164 (1874).
II
The trial judge did not err in refusing to give the appellant’s requested charges on the lesser included offenses of assault and battery and simple assault. The State’s evidence presented a prima fa-cie case of rape. The appellant denied any conduct with the prosecutrix. Under the evidence the appellant was either guilty of *71 rape or he was innocent. Therefore there was no evidence to warrant the court in charging the jury on any lesser included offense. Fisher v. State, 57 Ala.App. 310, 328 So.2d 311 (1976).
III
The appellant contends that defense counsel was improperly restricted in cross examining a state toxicologist on the result of a laboratory test comparing soil samples allegedly taken from the appellant’s automobile and from the scene of the crime. The State objected “until it can be shown that this in fact did come from the car". The toxicologist testified that he received the two samples from evidence technician Hibbert. Officer Hibbert earlier testified that he collected soil samples from the scene of the crime and that he received other samples from Officer Shanks. Shanks did not testify that he took any samples from the appellant’s automobile and in fact there was no testimony, other than the toxicologist, that any samples were taken from the appellant’s vehicle. Therefore the toxicologist’s testimony regarding the source of the samples was hearsay and the State’s objection was properly sustained. Defense counsel made no attempt to lay the proper predicate for the admission of the test results and was not illegally restricted in his cross examination.
IV
Pursuant to instructions by the trial judge, the jury fixed the appellant’s punishment at thirty years’ imprisonment. This was error. Under the 1975 Alabama Code a jury has no such power where the charge is rape. Alabama Code §§ 13-3-110, 15-18-20, 1975. See Burton v. State, 364 So.2d 394 (Ala.Cr.App.), cert. denied, 364 So.2d 397 (Ala.1978) (robbery). Such error does not constitute a reversal but requires that this cause be remanded for proper sentencing by the trial judge. Swicegood v. State, 42 Ala.App. 492, 168 So.2d 624, cert. denied, 277 Ala. 702, 168 So.2d 626 (1964), cert. denied, 380 U.S. 920, 85 S.Ct. 916, 13 L.Ed.2d 804 (1965). In remanding we note that this matter is solely within the discretion of the trial judge who may increase or reduce the appellant’s sentence within statutory limits.
We have searched the record and found, no error prejudicial to the appellant. Therefore the judgment of the trial court is affirmed and the cause remanded for proper sentencing.
AFFIRMED; REMANDED FOR PROPER SENTENCING.
All Judges concur.