462 So.2d 962 (1984)
Archie NELSON
v.
STATE.
1 Div. 774.
Court of Criminal Appeals of Alabama.
June 12, 1984.
On Return to Remand January 22, 1985.
J.R. Tucker, Atmore, for appellant.
Charles A. Graddick, Atty. Gen., and Martha Gail Ingram, Asst. Atty. Gen., for appellee.
BOWEN, Presiding Judge.
Archie Nelson was indicted and convicted for the first degree assault of his ex-wife, Diane Nelson. Sentence was five years' imprisonment.
Assault in the first degree requires a "serious physical injury." Alabama Code § 13A-6-20 (1975). A "serious physical injury" is "[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." § 13A-1-2(9). We reverse Nelson's conviction for first degree assault *963 because the district attorney failed to produce any evidence of serious physical injury as defined by statute.
Saraland Police Sergeant Henry Bradford investigated the assault and testified that Nelson was threatening to kill Mrs. Nelson, who "had some blood about her forehead and it had run down in each eye on each side of her nose." When Bradford arrived, Mrs. Nelson was "real bloody". Less than an hour later at the police station, she "still had a place on her forehead that was bleeding." Bradford saw Nelson hit Mrs. Nelson: "He would punch the small of his hand together against her head." When asked what serious injury Mrs. Nelson sustained, Sergeant Bradford replied, "This bleeding spot on the head." Nelson "kept hitting her with the pistol (.25 caliber) when he was real mad" and Mrs. Nelson had some other injuries "on the left side of her head near her hairline."
Mrs. Nelson testified that Nelson was bringing their three-year-old son back home when he began to hit her with his fist. He grabbed her by the hair and threatened to kill her. He forced her over to the couch and hit her with the butt of a gun on her forehead. Nelson told her that she was "bleeding like a stuck pig." When asked what injuries she suffered, Mrs. Nelson replied, "Well, I had bruises all over my head and cut on my forehead and bruises all underneath my ear where he had kept the gun, poking it at me, and different places on my head." The next morning Mrs. Nelson went to a doctor. No stitches were required.
The extent of the injuries sustained by Mrs. Nelson is best characterized by her own testimony on cross examination by defense counsel:
"Q. So physically there wasn't any serious injury about you, was there not?
"A. Yes, sir; I had been beaten.
"Q. You had been beaten. Your testimony is that he was poking a gun at you; is that right? And that was the extent of inflicting serious personal injury on you?
"A. He hit me with his fist and then hit me with the butt of the gun on my forehead."
This is all the testimony that was presented during the State's case concerning the injuries sustained by Mrs. Nelson. Defense counsel moved to exclude the evidence because "the State had absolutely failed to prove any serious bodily harm." Although the trial judge denied this motion, he questioned the propriety of charging the jury on assault in the first degree:
"THE COURT: How can I charge on first?
"MR. BARBEE (Assistant District Attorney): He asked her did she have serious physical injury. She said yeah."
The State's evidence and the verdict of the jury show that Nelson is guilty of assault. However, there was absolutely no evidence that any injury Mrs. Nelson sustained created a substantial risk of death or caused serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ. § 13A-1-2(9). Consequently, the conviction for assault in the first degree cannot stand.
The State's evidence, which the jury believed as evidenced by their guilty verdict, does support a conviction for assault in the second degree as defined by § 13A-6-21(a)(2) ("With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or dangerous instrument"). Here, Nelson's fists and the pistol, even if unloaded, qualify as dangerous instruments. Hollis v. State, 417 So.2d 617 (Ala.Cr.App.1982); Alabama Code § 13A-1-2(12).
It is the judgment of this Court that Nelson's conviction for assault in the first degree be reversed and set aside. However, it is the further judgment of this Court that Nelson is guilty of assault in the second degree and is due to be sentenced accordingly. Therefore, this cause is remanded with directions that the conviction for assault in the first degree be set aside *964 and that Nelson be properly adjudged and sentenced for assault in the second degree.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
On remand, the trial court set aside the conviction for assault in the first degree and adjudged Nelson guilty of second degree assault. The trial court has fully complied with our directions and the judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.