600 So.2d 396 (1992)
Ex parte Alan Dale KOLMETZ.
(Re Alan Dale Kolmetz
v.
State).
1910990.
Supreme Court of Alabama.
June 12, 1992.
John Emory Waddell and John Ronald Storey, Dothan, for petitioner.
James H. Evans, Atty. Gen., and Robin Blevins, Asst. Atty. Gen., for respondent.
Prior report: Ala.Cr.App., 600 So.2d 389.
MADDOX, Justice.
WRIT DENIED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
KENNEDY, J., dissents.
KENNEDY, Justice (dissenting).
I think that certiorari review should be granted in this case; therefore, I must *397 dissent. In this case, three photographs admitted into evidence were not sent to the jury room during deliberations, because the district attorney had misplaced them. No one claimed that the photographs were intentionally misplaced. The trial court determined that the photographs had been omitted by error, but that their omission was immaterial in light of the numerous photographs that did go to the jury for deliberations. The Court of Criminal Appeals viewed the photographs the jury did not have during its deliberations and determined that they were cumulative of numerous photographs that the jury did have with it during deliberations.
A party should have an absolute right to have all admitted evidence submitted to the jury for deliberations. Once evidence has been admitted, it must go to the jury; an error in not sending the evidence is not affected by whether the evidence was inadvertently or intentionally omitted from jury deliberations. I think this Court is setting a dangerous precedent in allowing a trial court or an appellate court to decide when a piece of admitted evidence should be part of the jury's deliberations. Even though the three photographs at issue in this case may have been cumulative, the photographs were admitted and should have been part of the evidence submitted to the jury.