Willie Lee Anderson, the appellant, was convicted of assault in the first degree and was sentenced to ten years' imprisonment. That sentence was "split," and he was ordered to serve three years in prison and three years on probation. This is a direct appeal from that conviction.
The appellant was indicted for rape in the first degree. He contends that the trial court erred by instructing the jury on the crimes of assault in the first, second, and third degrees as lesser included offenses of the charged rape. The appellant claims that he was indicted for one offense and was convicted for another, and that assault in the first degree, the crime for which he was *Page 379 
convicted, is not a lesser included offense of rape, the crime with which he was charged. In the alternative, he argues that, even if assault is a lesser included offense of rape, an instruction on assault was error because the prosecution presented a prima facie case of rape.
G.H. testified that the appellant, a former boyfriend who lived next door to her, came to her home on the evening of March 4, 1993, while she was cooking dinner. G.H. was standing at the stove when the appellant hit her in the back of the neck and said, "I'm going to teach you a lesson, you bitch." R. 20. The appellant then grabbed a knife from the dish rack, held it to G.H.'s neck, and said, "Go upstairs." R. 21. When they got upstairs, the appellant ordered G.H. to "take off all [her] clothes," and she refused. The appellant then "took the knife and stuck it in [G.H.'s] left thigh." R. 23. G.H. complied with the appellant's instruction to remove her clothes.
At that point, G.H.'s four-year-old son came into the room. The appellant told the boy to lie down and, holding the knife to G.H.'s throat, ordered her to go downstairs. G.H. said that while they were downstairs the appellant "kept hitting [her] over and over and over again" with his hand and with the handle of the knife, "in [her] eye and chest and everywhere." R. 27. G.H. testified that after the appellant "had beaten [her] so bad [she] couldn't even move," R. 30, the appellant said, "I might as well go all the way," R. 29. The appellant then had sexual intercourse with G.H. against her will and without her consent.
The appellant testified that on the evening of the alleged attack G.H. invited him into her house where they talked, watched television, and drank wine together. Then, according to the appellant, they had consensual sex, after which they got into an argument. The appellant admitted that during the argument he hit G.H. and stabbed her. R. 190.
Dr. Robert Echols, who examined G.H. in the emergency room of a local hospital on Saturday, March 6, 1993, testified that both her eyes were blackened and swollen. There was a large blood clot beneath the skin on her scalp. The left side of her face was swollen and her left eardrum had been burst. She had one fractured rib, abrasions on her neck and knees, and a stab wound in her left thigh. Dr. Echols ordered several tests to determine whether G.H. had internal injuries and, finding none, he released her from the hospital the same day.
Although this Court has held that assault in the third degree may be a lesser included offense of attempted rape,Williamson v. State, 570 So.2d 722 (Ala.Cr.App. 1990), reversed on other grounds, 584 So.2d 1289 (Ala. 1991), we have never answered the question whether first degree assault may be a lesser included offense of first degree rape. We now hold that under the particular facts presented by this case assault in the first degree is a lesser included offense of rape in the first degree.
The appellant was indicted for forcible compulsion rape in the first degree, which is defined as follows in Ala. Code 1975, § 13A-6-61(a)(1):
 "A male commits the crime of rape in the first degree if . . . [h]e engages in sexual intercourse with a female by forcible compulsion."
The appellant was convicted for assault in the first degree, which is defined as follows in Ala. Code 1975, §13A-6-20(a)(1):
 "A person commits the crime of assault in the first degree if . . . [w]ith intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument."[1] *Page 380 
Section 13A-1-9(a)(1) defines a "lesser included offense" as one that "is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged." The Alabama Supreme Court has made it clear that
 "[i]n determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes but must also be considered in light of the particular facts of each case. See Ex parte Jordan, 486 So.2d 485, 488 (Ala. 1986)."
Ingram v. State, 570 So.2d 835, 837 (Ala.Cr.App. 1990) (emphasis in original). The appellant argues that "rape in the first degree does not require proof of a serious physical injury, intent to cause serious physical injury, or the use of a deadly weapon or dangerous instrument [and] . . . assault in the first degree does not require proof of any of the same elements as the offense of rape in the first degree," Appellant's brief at 8 (emphasis in original). This argument is flawed because it considers the potential relationship of the two offenses — rape and assault — only in the abstract terms of the defining statutes and fails to take into account the particular facts of this case.
Ex parte Jordan, 486 So.2d 485 (Ala. 1986), requires us to do more than analyze the statutory elements of the two offense. After Jordan, the correct inquiry in a prosecution such as this is: "Can all or fewer than all of these facts [as testified to by G.H.] establishing the commission of [rape in the first degree] also establish the commission of [assault in the first degree]?" Ex parte Jordan, 486 So.2d at 488 (emphasis in original). The answer to that question in this case is "yes." The same testimony by G.H. that tended to establish the forcible compulsion element of rape also tended to establish assault.
Citing Easley v. State, 369 So.2d 69 (Ala.Cr.App. 1979), the appellant argues that the jury was wrongly charged on assault because the prosecution presented a prima facie case of rape. The distinction between Easley and this case is that inEasley the accused "denied any conduct with the prosecutrix," so that he was either guilty of rape or innocent of any charge. 369 So.2d at 70-71 (emphasis added). Here, the appellant admitted hitting and stabbing G.H. and having sex with her, although he maintained that the sex was consensual.
Although we hold that the trial court did not err by charging the jury that assault can be a lesser included offense of rape, we conclude that the particular harm suffered by G.H. in this case did not constitute "serious physical injury" within the meaning of Ala. Code 1975, §§ 13A-1-2(9) and 13A-6-20(a)(1) (assault in the first degree). We conclude that the State's evidence established, instead, "physical injury" within the meaning of §§ 13A-1-2(8) and 13A-6-21(a)(2) (assault in the second degree).
"Serious physical injury," as defined in § 13A-1-2(9), and as required for first degree assault under § 13A-6-20(a)(1), is injury that "creates a substantial risk of death, or . . . causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." See, e.g., Jones v. State,620 So.2d 129, 130-31 (Ala.Cr.App. 1993) (victim who underwent surgery for fractured thigh, developed blood clots, and was hospitalized for 21 days suffered serious physical injury);Kolmetz v. State, 600 So.2d 389, 394 (Ala.Cr.App. 1991) (victim, whose plastic and reconstructive surgeon testified that he had significant facial injuries, permanent disfigurement, and scarring that would never heal, had suffered serious physical injury), cert. denied, 600 So.2d 396 (Ala. 1992); Rothchild v. State, 558 So.2d 981, 988 (Ala.Cr.App. 1989) (victim whose multiple rectal and vaginal lacerations necessitated three surgical procedures, including a colostomy, had suffered serious physical injury); Barton v. State,494 So.2d 943, 947-48 (Ala.Cr.App. 1986) (victim who had been hit on head with rifle, required numerous stitches, was bedridden for a week, and was left with scars, had suffered serious physical injury).
"Physical injury," as defined in § 13A-1-2(8) and required to sustain a conviction for second degree assault under §13A-6-21(a)(2), is injury that involves the "[i]mpairment of physical condition or substantial *Page 381 
pain." There was no testimony that G.H.'s injuries caused either a substantial risk of death, or protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ. She was treated for some painful but not life-threatening or debilitating injuries and released the same day from the emergency room. See Ex parte Vaughn, 495 So.2d 83, 84 (Ala. 1986) (when accused cut victim with butcher knife in chest area and on hand there was no serious physical injury); M.T.R. v.State, 620 So.2d 753, 754-55 (Ala.Cr.App. 1993) (after gunshot wound to shoulder, victim was treated and released from hospital same day; no serious physical injury); Vo v. State,612 So.2d 1323, 1325-26 (Ala.Cr.App. 1992) (gunshot wound to arm did not constitute serious physical injury); Cowan v.State, 540 So.2d 99, 100-01 (Ala.Cr.App. 1988) (victim who was hospitalized overnight after gunshot wound to chest had no serious physical injury); Collins v. State, 508 So.2d 295, 300
(Ala.Cr.App. 1987) (victim whose head was grazed by bullet and who received tetanus shot did not suffer serious physical injury); Davis v. State, 467 So.2d 265, 266 (Ala.Cr.App. 1985) (when victim was shot through right arm and left hand, and was treated and released same day there was no serious physical injury); Goans v. State, 465 So.2d 482 (Ala.Cr.App. 1985) (victim who suffered gunshot wound to collarbone and who was treated and released same night had no serious physical injury); Nelson v. State, 462 So.2d 962, 963 (Ala.Cr.App. 1984) (victim who bled "like a stuck pig" after being beaten with fists and hit on forehead with butt of gun did not have serious physical injury); Alvis v. State, 434 So.2d 859, 862
(Ala.Cr.App. 1983) (beating to head and chest did not result in serious physical injury even though victim had sore rib cage, coughed up blood, and remained in hospital two and one-half days for observation).
Here, as in M.T.R. v. State, 620 So.2d 753 (Ala.Cr.App. 1993), and Cowan v. State, 540 So.2d 99 (Ala.Cr.App. 1988), the State presented insufficient evidence of "serious physical injury" to sustain a conviction for assault in the first degree, but presented sufficient evidence of "physical injury" to sustain a conviction for assault in the second degree, and the jury was charged on that offense. We therefore reverse the appellant's conviction for assault in the first degree and remand this cause with instructions that the trial court set aside the appellant's conviction for assault in the first degree, adjudge the appellant guilty of assault in the second degree, and sentence the appellant accordingly.
REVERSED AND REMANDED WITH DIRECTIONS.
PATTERSON and McMILLAN, JJ., concur.
TAYLOR and MONTIEL, JJ., dissent with opinion.
[1] Another subsection of the first degree assault statute is arguably applicable here. Section § 13A-6-20(a)(4) provides:
 "A person commits the crime of assault in the first degree if . . . [i]n the course of and in furtherance of the commission or attempted commission of . . . rape in the first degree . . . or of immediate flight therefrom, he causes a serious physical injury to another person."
However, because the circuit court charged the jury only on the elements of first degree assault set out in subsection (a)(1) of § 13A-6-20, we need not decide whether the crime defined in subsection (a)(4) constitutes a lesser included offense of the charged offense in this case.