Willie Lee Anderson was indicted for rape in the first degree. The trial court instructed the jury on the crimes of assault in the first, second, and third degrees as lesser offenses included in the rape charge. Anderson was found guilty of assault in the first degree and was sentenced to 10 years' imprisonment. The Court of Criminal Appeals reversed the conviction and remanded the case with instructions that the trial court set aside the first degree assault conviction, adjudge Anderson guilty of second degree assault, and sentence him accordingly. Anderson v. State, 686 So.2d 378
(Ala.Crim.App. 1994).
The facts underlying this case are as follows: The victim testified that Anderson was her former boyfriend and that his sister lived next door to her. On March 4, 1993, Anderson came to the victim's home while she was cooking dinner. While the victim was standing at her stove, Anderson hit her in the back of the neck and said, "I'm going to teach you a lesson, bitch." (R.T. 20.) Anderson grabbed one of the victim's kitchen carving knifes and held it to her neck, ordering her to go upstairs. (R.T. 21.) When they got upstairs, Anderson ordered the victim to take off all of her clothes, but she refused to do so. Anderson then stabbed the victim in her left thigh. She then removed her clothes.
At that point, the victim's four-year-old son came into the room. Anderson told the boy to lie down and, holding the knife to the victim's throat, ordered her to go downstairs. While they were downstairs, Anderson continuously hit the victim with his hand and with the handle of the knife, the victim testified, "in [her] eye and chest and everywhere." (R.T. 27.) The victim testified that after Anderson had beaten her so badly that she "couldn't even move," he then forced her to have sexual intercourse with him. (R.T. 29-30.)
According to the victim's testimony, Anderson left the house after assaulting her. The victim apparently passed out for a short while and when she awoke, she saw that *Page 383 
Anderson had returned and cleaned up the blood from the assault and had thrown away her stained clothes. (R.T. 31-32.) The victim then crawled upstairs to her bedroom and slept a while. (R.T. 32-34.) Upon awakening, she was unable to move because of the pain and could not call the police, because she did not have a telephone. (R.T. 33-35.) Early the next morning, she said, she "dragged" herself out of bed and called, through her window, to neighbors for help. (R.T. 34-35.)
Anderson testified that on March 4, 1993, the victim invited him into her house, where, he said, they talked, watched television, and drank wine together. Then, according to Anderson, they had consensual sex and afterwards got into a fight. Anderson admitted that he hit and stabbed the victim during the fight.
Dr. Robert Echols, the emergency room doctor who examined the victim early in the morning, testified that both of the victim's eyes were blackened and swollen. There was a large blood clot beneath her scalp, the left side of her face was swollen, and her left eardrum had burst. He testified that she had a trauma to the head consistent with a beating and that her mental capabilities were not quite normal, because of the head injury. (R.T. 77-78.) The victim had one fractured rib, abrasions on her neck and knees, and a stab wound in her left thigh. Dr. Echols characterized her several injuries as both "minor and severe." (R.T. 71.) Dr. Echols "packed" the stab wound, in accordance with the treatment for a deep puncture wound. (R.T. 87.) Dr. Echols's concern was that the wound could become infected because of the type of wound it was and because of the length of time it had taken for the victim to get to the hospital. The victim was released from the hospital on the evening following her morning admission.
Anderson argued on appeal to the Court of Criminal Appeals that he was indicted for one offense and was convicted of another and that assault in the first degree, the crime for which he was convicted, is not a lesser included offense as to rape, the crime with which he was charged. In the alternative, Anderson argued that even if assault is a lesser included offense as to rape, and instruction on assault was error because the prosecution failed to present a prima facie case of rape.
The Court of Criminal Appeals held that under the particular facts of this case, assault in the first degree was a lesser offense included in the offense of rape in the first degree. However, the court found that the victim had incurred no "serious physical injury," which is an element of assault in the first degree. That court reversed the conviction and remanded the case with instructions for the trial court to find Anderson guilty of assault in the second degree, stating that the State had presented sufficient evidence that the victim had sustained "physical injury," which is an element of assault in the second degree.
Judge Taylor dissented from the judgment of the Court of Criminal Appeals, on the grounds that if Anderson was to defend against a charge of assault in the first degree, which requires proof of an element in addition to the elements required to prove rape in the first degree then he should have been put on notice of such a charge in the indictment. Judge Montiel dissented, stating that he felt the State had presented sufficient evidence of "serious physical injury," so as to support a first degree assault conviction; therefore, he felt, the conviction should not have been reversed.
The State petitioned for certiorari revenue, arguing that the Court of Criminal Appeals had erred in reversing the conviction on the basis that the victim did not suffer the serious physical injury required for a first degree assault conviction.
We must first consider whether assault in the first degree is a lesser offense included in rape in the first degree, under the particular facts in this case. Section 13A-1-9, Ala. Code 1975, provides in pertinent part that a defendant may be convicted of a lesser included offense if the lesser offense can be established by proof of "the same or fewer than all the facts required to establish the commission of the offense charged" or if the lesser offense "differs from the offense charged only in the respect that a *Page 384 
less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
We held in Ex parte Jordan, 486 So.2d 485 (Ala. 1986), that in determining whether an offense is a lesser included offense as to the crime charged, a court must consider the relationship of the two defining statutes involved, along with the facts of the particular case (rejecting the State's argument that vehicular homicide could never be a lesser included offense as to murder).
Turning to the statutes applicable in this case, we note that a male commits the crime of rape in the first degree if "[h]e engages in sexual intercourse with a female by forcible compulsion." § 13A-6-61(a)(1). An assault in the first degree occurs if, "[w]ith intent to cause serious physical injury to another person, [a person] causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument." § 13A-6-20(a)(1).[1]
Anderson argues that assault in the first degree requires proof of a serious physical injury, whereas rape in the first degree does not require proof of any injury. Therefore, he contends that first degree assault cannot be a lesser offense included in first degree rape, as one requires proof of an element the other does not require.
In Ex parte Jordan, we said that it would be improper to say that a set of facts establishing the commission of an offense can never also establish the commission of a lesser included offense: "The error in this approach is that [it] creates a broad rule which fails to take into account the facts of each case. [It] considers the potential relationship of the [two] statutes only in abstract terms and completely ignores the facts of this case and the indictment under which [the defendant] was charged. We find this application of § 13A-1-9
to these statutes and facts erroneous." 486 So.2d at 488.
"[T]he state courts that have addressed the issue [of lesser included offenses] have unanimously held that a defendant is entitled to a lesser included offense where the evidence warrants it. . . . While we have never held that a defendant is entitled to a lesser included offense instruction as a matter of due process, the nearly universal acceptance of the rule in both state and federal courts establishes the value to the defendant of this procedural safeguard." Beck v. Alabama,447 U.S. 625, 635-37, 100 S.Ct. 2382, 2389, 65 L.Ed.2d 392 (1980).
The rationale in Jordan and Beck is applicable here because the facts of this case support the charge of assault as well as the charge of rape. Had Anderson been convicted of rape in the first degree and if no jury charges on assault had been given, then Anderson would have been entitled to a new trial, at which the jury would be instructed on assault as a lesser included offense, because the evidence here would support such a charge. It is apparent in this case that the jury believed that the sexual intercourse between the victim and Anderson was consensual. However, the jury also obviously determined that Anderson subsequently assaulted the victim, and it found him guilty of the offense of assault in the first degree. Therefore, the trial court did not err in charging on assault. The evidence supported the charge.
We agree with the Court of Criminal Appeals that this case is distinguishable from Easley v. State, 369 So.2d 69
(Ala.Cr.App. 1979). In Easley, the defendant was not entitled to a charge on assault as a lesser included offense as to rape. However, in Easley, the defendant denied having had any contact whatever with the victim. Therefore, the facts of Easley did not support a charge on assault.
We now turn to the issue whether the Court of Criminal Appeals correctly held that there was no "serious physical injury" to the victim. "Serious physical injury" is defined *Page 385 
as "[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." § 13A-1-2(9).
Dr. Echols's testimony indicated that the victim had a deep puncture wound from a knife; trauma to the head, along with various bruises and scrapes; a fractured rib; and a burst eardrum. He characterized some of her injuries as "severe." We note that the fact that the victim was released from the hospital the same day she was examined does not, alone, mean that her injury was not a serious physical injury. Based on Dr. Echols's testimony, a jury could have found that the victim's knife wound constituted "serious physical injury." Thus, the instruction relating to assault in the first degree and the conviction on that offense were supported by the evidence.
Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals and remand this cause for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, INGRAM, and COOK, JJ., concur.
[1] The trial court charged the jury on the element of first degree assault under subsection (a)(1) and accordingly, that is the only subsection we will discuss. We note, however, that subsection (a)(4) of § 13A-6-20 provides that a person commits assault in the first degree if, in the course of a rape or the attempted commission of a first-degree rape, he causes serious physical injury to another person.