After careful consideration, I agree with the majority's decision to reverse the trial court's judgment and remand the case. Based on the facts of this case, the State charged the appellant with assault in the second degree in violation of §13A-6-21(a)(2). As the majority points out, a shoe is typically not considered a dangerous instrument under Alabama law. See commentary to § 13A-1-2(9), Ala. Code 1975. Moreover, in Exparte Cobb, 703 So.2d 871 (Ala. 1996), the Alabama Supreme Court held that fists or other body parts do not constitute deadly weapons or dangerous instruments. Therefore, I agree with the majority that there was insufficient evidence of assault with a dangerous weapon or instrument. Yet, this remains a troubling case.
The majority thoroughly sets out the facts in Part III of its opinion. These facts describe not a brief outburst of violence, but a protracted series of torturous acts: dragging the victim out of her car by her hair and back into the appellant's residence; pommeling her with his fists and feet; biting her; kicking her in the face; and choking her. During this 20-minute attack, the appellant threatened to kill the victim and her seven-year-old son with a hammer. Moreover, the attack was carried on in front of the victim's child who was ultimately thrown in the bathroom when he began to cry and to complain that he was going to get sick. (R. 19-20.) Besides the trauma to the victim and her son, the victim suffered a broken clavicle, a broken nose, and multiple contusions on her face, skull, chest, back, and forearms. (R. 16, C. 97.)
Because I am concerned with the construction of § 13A-6-21, Ala. Code 1975, and the lack of legal protection for victims *Page 197 
of domestic violence in Alabama, as is evidenced by the facts in this case, I offer this special writing. If the State had chosen to indict the appellant for a violation of § 13A-6-21(a)(1), Ala. Code 1975, rather than § 13A-6-21(a)(2), Ala. Code 1975, it is likely that the evidence still would have been insufficient to convict. Section 13A-6-21(a)(1), Ala. Code 1975, states the following:
 "(a) A person commits the crime of assault in the second degree if the person does any of the following:
 (1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person."
"Serious physical injury" is defined in § 13A-1-2(9), Ala. Code 1975, as "physical injury which creates a substantial risk of death, or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."
Under this stringent definition, the victim's broken clavicle and broken nose would probably not constitute "serious physical injury." See Ex parte Vaughn, 495 So.2d 83, 84 (Ala. 1986) (when the victim was cut in the chest and on the hand with a butcher knife there was no serious physical injury); Anderson v. State,686 So.2d 378, 381 (Ala.Cr.App. 1994) (the victim was stabbed in the thigh with a kitchen knife; no serious physical injury); M.T.R. v. State,620 So.2d 753, 754-55 (Ala.Cr.App. 1993) (the victim was treated and released from the hospital with a gunshot wound but the court held that there was no serious physical injury); Vo v. State, 612 So.2d 1323,1325-26 (Ala.Cr.App. 1992) (gunshot wound to the arm was not a serious physical injury); Goans v. State, 465 So.2d 482 (Ala.Cr.App. 1985) (gunshot wound to the collar bone was not a serious physical injury); Nelson v. State, 462 So.2d 962, 963 (Ala.Cr.App. 1984) (victim who bled "like a stuck pig" after being beaten with fists and hit in the head with the butt of a gun did not suffer serious physical injury); Alvis v. State, 434 So.2d 859, 862 (Ala.Cr.App. 1983) (beating to head and chest did not result in serious physical injury despite the fact that the victim was hospitalized for two and a half days).
Thus, under our present assault statute the appellant's brutal attack on the victim in this case can meet the statutory definition of only assault in the third degree; a Class A misdemeanor. See § 13A-6-22, Ala. Code 1975.
However, I believe that the violent behavior exhibited by the appellant warrants a felony conviction. Therefore, I strongly urge the legislature to amend Alabama's statute defining the offense of assault in the second degree by creating a new offense that will involve a less stringent definition of injury. The definition of "serious physical injury" that now appears in the statute was adopted from the Michigan Revised Criminal Code § 135, the New York Revised Penal Law § 10.00, the Proposed Revision Texas Penal Code § 1.07, and the Proposed New Federal Criminal Code § 1.09. See commentary to § 13A-1-2, Ala. Code 1975. In contrast to states, like ours, that use the "serious physical injury standard," other jurisdictions use a less stringent standard for proving the requisite injury in an aggravated assault case.
For example, in the United States armed forces, a person commits an aggravated assault if he or she commits an assault with a dangerous weapon or other means or force likely to produce death or grievous bodily harm. The term "grievous bodily harm" "means serious bodily injury. It does not include minor injuries, such as a black eye or a bloody nose, but does include fractured or dislocated bones, deep cuts, torn members of the body, serious damage to internal organs, and other serious bodily injuries."
Paragraph 54c(4)(a)(iii), Part IV, Manual for Courts-Martial, United States (1998 *Page 198 
ed.) and Article 128, Uniform Code of Military Justice,10 U.S.C. § 928. See also Wash. Rev. Code Ann § 9A.36.021
(West 1999) and Wash. Rev. Code Ann § 9A.04.110 (West 1999) ("A person is guilty of assault in the second degree if he or she . . . intentionally assaults another and thereby recklessly inflicts substantial bodily harm"; "substantial bodily harm" means bodily injury which involves a temporary but substantial disfigurement or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part); State v. R.H.S., 974 P.2d 1253 (Wash.App. 1999) (evidence was sufficient to establish that defendant knew that punching victim in the eye could result in substantial bodily harm); see, e.g., Miss. Code Ann. § 97-3-7(2) (Rev. 1994) ("A person is guilty of aggravated assault if he . . . (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm); Harrison v. State, 737 So.2d 385 (Miss.App. 1999) (a single blow from the defendant's fists was sufficient evidence of a means likely to produce death or serious bodily harm). Alabama's definition of "serious physical injury" is simply too demanding. Our definition of injury allows many injuries caused by violent acts, that common sense dictates should qualify for felony punishment, to be prosecuted as misdemeanors.
I also encourage the legislature to adopt legislation that would make domestic assaults such as this one felony criminal offenses. States such as Arizona, Arkansas, Michigan, Minnesota, Mississippi, Texas, and Virginia have all enacted legislation that, given the nature of the attack and/or the defendant's criminal background, make domestic assaults felony offenses. See, e.g., Ariz.Rev.Stat.Ann. § 13-3601.02 (West 1998); Ark. Code Ann. §5-26-306 (Michie 1999); Mich.Comp. Laws Ann. § 750.81 (West 1999); Minn.Stat.Ann. § 609.2242 (West 1999); Miss. Code Ann. § 97-3-7 (1999); Tex. Penal Code Ann § 22.01 (West 1999); and Va. Code Ann. §18.2-57.2 (Michie 1999).
Although this case must be remanded so that the offense can be treated as a misdemeanor, I hope it will prompt legislative action so that this type of outrageous violence can be punished more appropriately. To this end, the legislature is left with three options: it can do nothing, which means that outrageous criminal behavior continues to receive minimal punishment; it can amend the definition of "serious physical injury" so that broken bones and other grave injuries can be included; or it could add a provision that would make the assault of certain victims a felony.
Baschab, J., concurs.