Appellant David Dwayne Hamilton was indicted for robbery in the first degree and for attempted murder. He was found guilty by a Mobile County jury and sentenced to two concurrent sentences of life imprisonment.
Appellant, David Dwayne Hamilton, and two companions, while driving on Interstate 10 near Mobile, picked up a hitchhiker, Thomas Wesley Edwards. They exited the Interstate and went to a secluded sand pit where they pulled Edwards out of the truck and searched his belongings, finding only twelve cents. During the robbery, Edwards was severely beaten. Appellant and his friends kicked him in the head with steel pointed cowboy boots, shot him in the back with a pistol, and ran over him twice with their pick-up truck. Edwards somehow survived and returned to the Interstate, where he received help.
 I
Appellant asserts that there was a fatal variance between the indictment and the trial court's charge to the jury. The indictment stated that the appellant:
 "[D]id in the course of committing a theft of lawful currency of the United States of America, of approximate aggregate value of twelve cents ($.12), or men's clothing, the property of Thomas Wesley Edwards, Jr., use force against the person of Thomas Wesley Edwards, Jr., with intent to overcome his physical resistance or physical power of resistance, while the said DAVID DWAYNE HAMILTON, or another participant in this theft, was armed with a deadly weapon, to-wit; a gun, in violation of 13A-8-41 of the Code of Alabama 1975."
The trial judge charged that:
 "[A] person commits the crime of robbery in the first degree if in the course of committing a theft he uses or threatens the eminent use of force against the person of the owner of the property or any person present with intent to overcome his physical resistance or physical power of resistance and either causes serious personal injury to another or is armed with a deadly weapon or dangerous instrument. Robbery in the first degree may be sustained if the state proves to you beyond a reasonable doubt and to a moral certainty the following elements of this offense: First, that the defendant committed or attempted to commit a theft of money in this case. I believe the indictment charges twelve cents. Secondly, that in the course of committing or attempting to commit the theft or in the immediate flight after the attempt or commission the defendant either used force or threatened the eminent use of force against the person of the victim, in this case Edwards, with the intent to overcome Edwards' physical resistance or physical power to resist or to compel acquiescence to the taking of or escaping with the property. And, thirdly, that serious personal injury was caused to the victim or he was armed with a dangerous weapon or instrument."
The indictment included the language of § 13A-8-41 (a)(1) while the jury charge included language from § 13A-8-41 (a)(1) and § 13A-8-41 (a)(2).
The fatal variance rule was established to assure that the accused had sufficient notice to enable him to defend himself at trial. House v. State, 380 So.2d 940 (Ala. 1979). In order to reverse a conviction because of a variance in the indictment and the court's charge to the jury, the variance must be material. Ex parte Collins, 385 So.2d 1005 (Ala. 1980). The United States Supreme Court, citing Washington Georgetown R.Co. v. Hickey, 166 U.S. 521, 531, 17 S.Ct. 661, 665,41 L.Ed. 1101 (1897), held that
 "`no variance ought ever to be regarded as material where the allegation and proof substantially correspond, or where the variance was not of a character which could have misled the defendant at the trial.' This was said in a civil case, it is true, but it applies equally to a criminal case if there be added the further *Page 173 
requisite that the variance be not such as to deprive the accused of his right to be protected against another prosecution for the same offense." Berger v. United States, 295 U.S. 78, 83, 55 S.Ct. 629, 631, 79 L.Ed. 1314, 1318 (1935).
In Ex parte Hightower, 443 So.2d 1272 (Ala. 1983), the indictment charged the appellant did engage in sexual intercourse with a female without her consent. The proof at trial was that appellant obtained her consent by artifice. The Alabama Supreme Court held that the variance was fatal because the indictment did not provide adequate notice to the appellant of the crime for which he was charged to enable him to defend himself at trial. In Ex parte Washington, 448 So.2d 404 (Ala. 1984), the Alabama Supreme Court found a material variance between the indictment charging intentional murder and the trial court's jury instructions charging intentional murder and
reckless murder. They found that the two alternative charges of murder constitute separate crimes with different elements of proof and different lesser included offenses. As an example, the state must prove intent for intentional murder, while intent is not an element of reckless murder.
In applying the principles set out above, we interpret Exparte Hightower, supra, and Ex parte Washington, supra, to address a situation where a statute contains two alternative methods of committing an offense and these methods are contradictory or contain separate and distinct elements of proof. In such a case, a material variance will exist if the indictment charges an offense committed by one means and the trial court's jury charge addresses a separate and contradictory means. An accused person, if he has not been properly apprised of the charges against him, cannot be said to have been able to defend himself.
The appellant in this case was charged with robbery in the first degree. Section 13A-8-41 (a), Alabama Code 1975, states:
 "(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another."
Section 13A-8-43, Code of Alabama 1975, incorporated by reference into Section 13A-8-41 (a), states:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the eminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
Robbery in the third degree is a Class C felony; robbery in the first degree is a Class A felony, distinguished by the additional elements. Sections 13A-8-41 (a)(1) and 13A-8-41
(a)(2) are aggravating circumstances which serve to increase the level of punishment for robbery. W. Lafave A. Scott,Criminal Law (1972) at 702.
This case differs from Ex parte Hightower, supra, in that case the statute consisted of two alternatives that could not exist at the same time; the rape was either without consent or with consent obtained by artifice. It could not be both.
Robbery includes the lesser included offenses of "assault with intent to rob, for larceny, for attempt to rob, for assault, or for an assault and battery." Robertson v. State,24 Ala. App. 237, 237, 133 So. 742, 742 (1931), Rickard v. State,44 Ala. App. 281, 207 So.2d 422 (1968). The lesser included offenses are the same for robbery under § 13A-8-41 (a)(1) and under § 13A-8-41 (a)(2). Unlike the indictment in Ex parteWashington, the indictment in this case may be deemed to have informed appellant of all the charges, including lesser included offenses against which he could be called upon to defend himself at trial. *Page 174 
The indictment for robbery provided sufficient notice to appellant to permit the state to prove, and the court to charge on either the use of a deadly weapon or the infliction of serious personal injury. We find that the appellant was not thereby hindered in defending himself. Farley v. State,437 So.2d 639 (Ala.Cr.App. 1983).
 II
Appellant argues that the trial court erred in refusing his jury charge number 16 on the basis that the court failed to state the elements of attempted murder. "The trial court has a mandatory duty of instructing the jury orally as to the different and distinguishing elements of the offense charged."Davidson v. State, 360 So.2d 728, 730 (Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala. 1978). The trial judge told the jury that "[a] person is guilty of an attempt to commit a crime, if with the intent to commit a specific offense, he does an overt act towards the commission of such offense." He then went on to explain the elements of the crime of murder. We find that these instructions are adequate to fairly apprise the jury "of the charges against the accused." Wiggins v. State,347 So.2d 543, 545 (Ala.Cr.App.), cert. denied, 347 So.2d 546 (Ala. 1977).
 III
Appellant also argues that the trial court erred in allowing the victim's doctor to read into evidence the victim's hospital record, which contained the victim's account of what happened to him. He contends that it denied him his right to confrontation. Appellant's argument is based upon Lowery v.State, 55 Ala. App. 514, 317 So.2d 365, cert. denied, 294 Ala. 763, 317 So.2d 372 (1975). In that case, the court held that a certified copy of a death certificate could not be used as the sole evidence in a criminal prosecution for murder to prove the cause of death where live witnesses were available. The Lowery
court held that by such a procedure the defendant may be denied his right to be confronted by witnesses and his right to cross-examine. Unlike the defendant in Lowery, the appellant in this case had the opportunity at trial to confront and to cross-examine not only the victim, but also the doctor. His right to confrontation has not been violated.
 IV
Appellant argues that the trial court erred in admitting his statement without proof as to who transcribed the statement or that the transcription was compared to the tape. In Hawkins v.State, 443 So.2d 1312 (Ala.Cr.App. 1983), this court, per Presiding Judge Bowen, stated that "[a] typewritten transcript of a recorded conversation is admissible where the officer who listened to the conversation at the time of the recording testifies that the transcript accurately reflected the conversation." In this case, an officer, present when the statement was recorded, testified that the typed version accurately reflected the appellant's statement. We find that the transcript was properly authenticated and duly admitted.
 V
Finally, the appellant claims that the trial court erred when it allowed the appellant's statement containing a reference to a discussion about another robbery to be admitted into evidence. Appellant told the officers that he and his friends had considered robbing a Junior Food Mart in Loxley, Alabama, but they decided not to do it.
Appellant, citing Brasher v. State, 249 Ala. 96, 30 So.2d 31
(1947), correctly points out the general rule that in a prosecution for a particular offense, evidence tending to show defendant guilty of another and distinct offense is inadmissible; however, there are many exceptions to this rule. Collateral crimes are admissible to prove intent, to prove identity, to show motive and to rebut special defenses. Johnsonv. State, 335 So.2d 663 (Ala.Cr.App.), cert. denied,335 So.2d 678 (Ala.), cert. denied, 429 U.S. 1026, 97 S.Ct. 649,50 L.Ed.2d 629 (1976). When the crimes are committed in one continuous transaction, *Page 175 
they are admissible. Love v. State, 372 So.2d 414 (Ala.Cr.App. 1979). Whether evidence of other crimes is admissible depends on "the nature of the charge." Walker v. State, 358 So.2d 800,807 (Ala.Cr.App. 1978). If the comment had amounted to a statement concerning a separate crime, it would have been admissible to prove intent to commit the crime of robbery.Burkett v. State, 439 So.2d 737 (Ala.Cr.App. 1983). The trial court did not commit an error by admitting the appellant's statement.
For the above stated reasons, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.