The appellant, Richard Dennis Updyke, was convicted for the offense of child abuse in violation of § 26-15-3 of theCode of Alabama (1975). The appellant was sentenced to seven years' imprisonment in the State penitentiary and ordered to pay $1000 to the Alabama Crime Victims' Compensation Commission, plus court costs. For the reasons outlined below, the decision of the trial court is hereby reversed and remanded.
 I.
The appellant argues that the trial court abused its discretion in denying the appellant's motion to suppress the photographic evidence, or in the alternative, in failing to limit the number of photographs to be admitted as evidence. The record indicates that 11 photographs depicting the physical injuries of the appellant's seven-year-old son were admitted into evidence. The injuries resulted from a beating that the appellant's son received from the appellant for allegedly lying to the appellant concerning his grades in school. The record indicates the appellant struck the child with a "wet belt."
Photographic evidence has been readily held admissible if it has "a reasonable tendency to prove or disprove some material fact in issue." C. Gamble, McElroy's Alabama Evidence, (3d ed. 1977) § 207.01(2); Woods v. State,460 So.2d 291 (Ala.Cr.App. 1984); Blair v. State,453 So.2d 1092 (Ala.Cr.App. 1984), Murry v. State,453 So.2d 774 (Ala.Cr.App. 1984). Further, the decision to allow photographic evidence is within the sound discretion of the trial court, Barnes v. State, 445 So.2d 995
(Ala.Cr.App. 1984), and will be reviewed only to determine whether there has been an abuse of discretion. Holland v.State, 424 So.2d 1387 (Ala.Cr.App. 1982); Washingtonv. State, 415 So.2d 1175 (Ala.Cr.App. 1982). Additionally, gruesome, ghastly, and unsightly photographs are admissible in criminal prosecutions if they tend to illustrate the truth of other testimony. Smith v. State, 446 So.2d 68
(Ala.Cr.App. 1984); Jones v. State, 439 So.2d 776
(Ala.Cr.App. 1983); Mickens v. State, 428 So.2d 202
(Ala.Cr.App. 1983).
There is no evidence within the record which suggests that the State illegally prejudiced the appellant by the use of the photographs. Each photograph depicts the different injuries sustained and does not appear to be duplicative in nature. Thus, in light of the circumstances, the appellant's argument is rejected.
 II.
The appellant claims that the trial court erred to reversal by denying his requested jury charges on the lesser included offense of assault in the third degree. He contends that the offense of assault in the third degree is a lesser included offense of the Child Abuse Act under § 26-15-3, Code ofAlabama (1975). The child abuse statute states: "A responsible person, as defined in § 26-15-2, who shall torture, wilfully abuse, cruelly beat or otherwise willfully maltreat any child under the age of 18 years shall, on conviction, be punished by imprisonment in the penitentiary for not less than one year nor more than ten years."
The courts in Alabama determine whether or not an offense is a lesser included offense according to § 13A-1-9, Codeof Alabama (1975). According to this statute, "[a]n offense is an included one if:
 (1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or *Page 568 
 (2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 (3) It is specifically designated by statute as a lesser degree of the offense charged; or
 (4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
It is clear from the language of the child abuse statute that subsection (3) of § 13A-1-9 does not apply, as assault in the third degree is not specifically designated by this statute as a lesser degree of the offense of child abuse; neither is assault in the third degree an attempt or solicitation to commit the offense of child abuse. Thus, it remains to compare the elements necessary to prove both of these offenses. Under § 13A-6-22, Code of Alabama (1975), a person commits the crime of assault in the third degree if:
 "(1) With intent to cause physical injury to another person, he causes physical injury to any person; or
 "(2) he recklessly causes physical injury to another person; or
 "(3) With criminal negligence he causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or
 "(4) with intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person."
There must be no fact necessary to prove assault in the third degree which is not necessary to prove the elements of child abuse in order for a third degree assault to be a lesser included offense of child abuse. However, while assault in the third degree clearly requires a showing of physical injury, child abuse does not appear to require that element. A child can be abused when he or she is deprived of food and forced to eat out of garbage cans. Gullatt v. State,409 So.2d 466 (Ala.Cr.App. 1981).
Despite the fact that child abuse does not require a showing of physical injury, the Alabama Supreme Court has determined inEx parte Jordan, 486 So.2d 485 (Ala. 1986), that it is improper to find that a set of facts establishing the commission of an offense can never also establish the commission of a lesser included offense. "The error in this approach is that [it] creates a broad rule which fails to take into account the facts of each case. [It] considers the potential relationship of the [two] statutes only in abstract terms and completely ignores the facts of this case and the indictment under which [the defendant] was charged. We find this application of § 13A-1-9 to these statutes and facts erroneous." That reasoning is applicable here, and it would be improper for us to conclude that facts showing the commission of child abuse could never show also the commission of the offense of assault in the third degree.
This court is, therefore, unfortunately confined to the facts of this case. Under these facts, a seven-year-old boy was beaten by someone else, allegedly the appellant. Therefore, the jury should have been allowed to determine whether or not the offense of assault in the third degree was committed. Consequently, the appellant was entitled to this additional jury charge.
REVERSED AND REMANDED.
All the Judges concur with TAYLOR, J., concurring in result only.