565 So.2d 275 (1989)
Michelle V. MILLER
v.
STATE.
1 Div. 736.
Court of Criminal Appeals of Alabama.
April 28, 1989.
Rehearing Denied June 30, 1989.
James W. May, Gulf Shores, for appellant.
Don Siegelman, Atty. Gen., and Dorothy F. Norwood, Asst. Atty. Gen., for appellee.
*276 PATTERSON, Judge.
Appellant, Michelle V. Miller, was convicted of the offense of child abuse, in violation of § 26-15-3, Code of Alabama 1975, and was sentenced to eight years' imprisonment.[1] She appeals.
Appellant contends, inter alia, that the trial court committed reversible error by refusing to instruct the jury on the lesser included offense of assault in the third degree. Ala.Code (1975), §§ 13A-1-9, 13A-6-22. The alleged error is properly preserved for review. We agree with appellant's contention, and we reverse and remand this case on authority of Ex parte Jordan, 486 So.2d 485 (Ala.1986), and Updyke v. State, 501 So.2d 566 (Ala.Cr.App. 1986). Under the facts of the case sub judice, the jury should have been allowed to determine whether the offense of assault in the third degree was committed.
We decline to address the other contentions on appeal. They are either meritless or are unlikely to arise in a new trial.
REVERSED AND REMANDED.
TAYLOR and TYSON, JJ., concur.
BOWEN, J., concurs specially.
McMILLAN, J., joins in special concurrence.
BOWEN, Judge, concurring specially.
I concur in the reversal of this conviction on authority of Ex parte Jordan and Updyke v. State. However, I question the continuing validity of the Jordan line of cases in light of the recent decision of the United States Supreme Court in Schmuck v. United States, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).
Schmuck rejected the "evidence" or "inherent relationship" test for determining whether, under F.R.Crim.P. 31(c), one offense is included in another, and adopted instead the "traditional" or "elements approach" to lesser included offenses. "Under this test, one offense is not `necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense." 109 S.Ct. at 1450. Applying this test would result in an affirmance here.
Although Schmuck was construing a federal rule, the analysis used in that case appears applicable to § 13A-1-9, Code of Alabama, our statutory basis for determining what are included offenses. Furthermore, as the Schmuck court observed, there are constitutional ramifications to the lesser included offense determination:
"It is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him. This stricture is based at least in part on the right of the defendant to notice of the charge brought against him. Were the prosecutor able to request an instruction on an offense whose elements were not charged in the indictment, this right to notice would be placed in jeopardy. Specifically, if, as mandated under the inherent-relationship approach, the determination whether the offenses are sufficiently related to permit an instruction is delayed until all the evidence is developed at trial, the defendant may not have constitutionally sufficient notice to support a lesser included offense instruction requested by the prosecutor if the elements of that lesser offense are not part of the indictment." Schmuck v. United States, 109 S.Ct. at 1451 (citations omitted).
The holding of Jordan should be re-examined in light of Schmuck.
NOTES
[1] At the time of the commission of the offense, appellant was 16 years of age. After appropriate proceedings, the juvenile court transferred appellant to the circuit court to be tried as an adult. On appeal, the juvenile transfer order was affirmed. Miller v. State, 482 So.2d 307 (Ala.Cr.App.1985), on return to remand, 505 So.2d 1313 (Ala.Cr.App.1987).