MADDOX, Justice
(dissenting).
Judge Bowen, in a special concurring opinion, in which Judge McMillan joined, questioned “the continuing validity of the Jordan [1] line of cases in light of the recent decision of the United States Supreme Court in Schmuck v. United States, 489 U.S. 705, 109 S.Ct. 1443 [103 L.Ed.2d 734] (1989).” Miller v. State, 565 So.2d 275, 276 (Ala.Crim.App.1989).
I did not participate in the decision in Jordan, but after a review of it, it is my opinion that its rationale is invalid, as Judge Bowen suggests, and that it should be overruled.
Ala.Code 1975, § 13A-1-9, defines what is and what is not a “lesser included offense,” and the definition of “lesser included offense” in that section conforms with the analysis the Supreme Court of the United States makes in construing Rule 31(c) of the Federal Rules of Criminal Procedure in Schmuck. Judge Bowen in his special concurring opinion in this case, correctly states that Jordan should no longer be followed. Inferentially, he asks this Court to overrule Jordan. I think he is right; consequently, I dissent.

. Ex parte Jordan, 486 So.2d 485 (Ala.1986).