COBB, Judge.
On October 24, 2002, Terry McKelvey was indicted for first-degree animal cruelty, a violation of § 13A-ll-241(a), Ala. Code 1975.[1] On September 25, 2003, after waiving his right to a trial by jury, Terry McKelvey was found guilty by the trial court of reckless endangerment, a violation of § 13A-6-24(a), Ala.Code 1975, as a lesser-included offense of intentionally torturing a dog. On that same day, the trial court sentenced McKelvey to five days in jail, but suspended the sentence and placed him on probation for six months. The trial court also ordered McKelvey to pay a $200 fine. On October 15, 2003, McKelvey filed a “Motion to Set Aside Verdict,” which was denied by operation of law on November 24, 2003. This appeal followed.
The facts adduced at trial indicate the following: McKelvey testified that he and his family had had problems with dogs coming onto his parents’ property and killing their livestock and other animals, including cats, a bull, and geese. He testified that, on April 1, 2001, McKelvey saw two black Labrador retrievers eat a newborn calf; the cow ultimately died as well from mastitis as a result of losing her calf. He testified about another incident where the dogs chased and cornered a cow while she was giving birth to a calf, and he *1027 finally found her and ran the dogs off. McKelvey testified that he made numerous reports to law enforcement agencies regarding the dogs and that he had spoken to some of his neighbors about their dogs and whether their dogs were coming onto his land. He testified that, approximately a month after the attack on the newborn calf, he was in the fields checking on the cattle, who were calving at the time, because he was worried about the dogs. McKelvey testified that he saw a black Labrador retriever stalking geese on the dam of a lake on the property. He parked the truck and approached the dog. The dog turned and came toward him with bared teeth and bristled fur. McKelvey testified that he considered the dog a threat. McKelvey shot the dog with his shotgun. He testified that he did not shoot in the direction of his neighbors’ houses, but rather toward the lake.
A neighbor heard the shot and saw the dog on the ground, with McKelvey standing over it while holding his gun; she testified that the dog had been lying in the grass next to her driveway when McKel-vey shot it. She testified that she yelled for her children to get in the house, and she telephoned the police. The neighbor testified that McKelvey “shot the dog in front of [her] children.” (R. 4.) Another neighbor testified that McKelvey fired the gun in close proximity to her children.
The owner of the dog testified that her dog got out of the house or out of the fenced yard only on occasion. She also testified that her dog did not growl and that he had never attacked the geese in the lake in front of their house. She testified that she found the dog when it returned to her yard and collapsed in a flower bed. She took the dog to the veterinarian, where it stayed for two days; ultimately the dog survived and returned home.
McKelvey argues on appeal, as he did at trial in his postconviction motion,[2] that he was convicted of a crime not encompassed in the indictment against him and that, therefore, the judgment of the trial court is due to be reversed. Both this Court and the State agree.[3]
“A valid indictment or complaint, giving the accused notice of the criminal charge against him, is the source of the subject-matter jurisdiction to try a contested criminal case. Ash v. State, 843 So.2d 213 (Ala.2002); see also Ex parte Looney, 797 So.2d [427, 429 (Ala.2001)]; Batey v. State, 755 So.2d 593, 595 (Ala.Crim.App.1999). Absent a valid indictment or complaint, a trial court would lack subject-matter jurisdiction to try, to convict, or to sentence a defendant in a contested criminal case. See Ash v. State, supra; see also Batey v. State, supra. Rule 13.5(a), Ala. R.Crim. P., prohibits any amendment to an indictment that changes the offense or charges a new offense not contemplated in the original indictment. See also Rule 13.2(c), Ala. R.Crim. P. (specifying an offense in the indictment provides notice to the accused that he has been charged with all lesser offenses necessarily included in the charged offense). Rule 13.5(a), in conjunction with Rule 13.2(c), allows an indictment to be *1028 amended to charge a lesser offense included within the offense charged in the indictment because the accused is placed on sufficient notice of the charge against which he must defend, and the accused is not being tried for an offense different from the charge intended by the grand jury. See Ash v. State, supra; Ex parte Washington, 571 So.2d 1062, 1063 (Ala.1990); Woods v. State, 675 So.2d 47, 50 (Ala.Crim.App.1995); Gayden v. State, 38 Ala.App. 39, 42, 80 So.2d 495, 498 (1954).
“... Furthermore, the defendant cannot consent to an amendment that effectively charges an offense not contemplated by the indictment. See Hugh Maddox, Alabama Rules of Criminal Procedure § 13.5 (3d ed.1999); see also Wingard v. State, [821 So.2d 240 (Ala.Crim.App.2001)]; Murray v. State, 814 So.2d 1006 (Ala.Crim.App.2001); Green v. State, 619 So.2d 952, 953 (Ala.Crim.App.1993); Ross v. State, 529 So.2d 1074, 1077 (Ala.Crim.App.1988).”
Ex parte Cole, 842 So.2d 605, 607-08 (Ala.2002).
The indictment against McKelvey read:
“The Grand Jury of said county charge[s] that ... TERRY MCKEL-VEY ... did on or about MAY 9, 2001, intentionally torture a dog or cat or skin a domestic dog or cat or offer for sale or exchange or offer to buy or exchange the fur, hide, or pelt of a domestic dog or cat, in violation of section 13A-11-241 of the Alabama Criminal Code.”
(C. 3.) Section 13A-6-24(a), Ala.Code 1975, states, “A person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.”
The question is whether the offense charged in the indictment could possibly include the charge of reckless endangerment as a legitimate lesser-included charge. The indictment does not include any facts whatsoever alleging that McKel-vey recklessly engaged in conduct that created a substantial risk of serious physical injury to a person. Rather, the indictment alleged only that McKelvey intentionally tortured an animal. The crime of intentionally torturing an animal is not broad enough to include the crime of recklessly endangering a person. Absent a valid indictment encompassing the crime for which McKelvey was convicted, the trial court lacked subject-matter jurisdiction to try, to convict, and to sentence him.
We note that, in Ex parte Ziglar, 675 So.2d 543, 545 (Ala.Crim.App.1996), this Court stated:
“The petitioner was acquitted of the charge of murder when he was convicted of manslaughter in his first trial. The conviction for a lesser included offense is an implied acquittal as to the greater offense. Jeffers v. United States, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977).”
Therefore, the trial court’s finding that McKelvey was guilty of reckless endangerment, a crime it considered to be a lesser-included offense of intentionally torturing a dog, was an implied acquittal of that greater offense. See also Wright v. State, [Ms. CR-01-1670, January 30, 2004] — So.2d -, - (Ala.Crim.App.2004) (“Thus, although robbery in the second degree was not a lesser-included offense in this case, when the jury convicted Wright of robbery in the second degree, he was necessarily acquitted on the robbery-in-the-first-degree charge.”). Because McKelvey has been acquitted of the offense of intentionally torturing a dog, that is, first-degree animal cruelty, he cannot be reindicted for that crime.
*1029 For the reasons stated above, the judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.

. Section 13A-1 l-241(a), Ala.Code 1975, provides, in pertinent part:
"A person commits the crime of cruelty to a dog or cat in the first degree if he or she intentionally tortures any dog or cat or skins a domestic dog or cat or offers for sale or exchange or offers to buy or exchange the fur, hide, or pelt of a domestic dog or cat.”

. We would have addressed this issue even if McKelvey had not preserved it because if the indictment against McKelvey did not include the elements of reckless endangerment, then the trial court did not have subject matter jurisdiction to convict and sentence him. See Wright v. State, [Ms. CR-01-1670, January 30, 2004] - So.2d - (Ala.Crim.App.2004) (citing Ex parte Cole, 842 So.2d 605 (Ala.2002)).

. Because we reverse this cause on this issue, we do not address McKelvey’s other issues.