925 So.2d 221 (2004)
Robert James BRADLEY
v.
STATE of Alabama.
CR-03-0453.
Court of Criminal Appeals of Alabama.
October 1, 2004.
Opinion Overruling Application for Rehearing January 7, 2005.
*222 Stephen T. Speakman, Auburn, for appellant.
Troy King, atty. gen., and Jean-Paul M. Chappell, asst. atty. gen., for appellee.
SHAW, Judge.
Robert James Bradley was indicted for robbery in the first degree, a violation of § 13A-8-41(a)(1), Ala.Code 1975. A jury convicted him of assault in the second degree, a violation of § 13A-6-21(a)(2), Ala. Code 1975.[1] He was sentenced, as a habitual felony offender, to life imprisonment.
The evidence adduced at trial indicated the following. On the afternoon of February 17, 2003, Bradley entered an automobile-repair shop, TNT Transmission Service; pulled a gun on the owner, Hung Nguyen, and the manager, Minh Nguyen; and demanded money. Bradley fired a shot toward Minh, but missed, at which point the gun jammed. While Bradley was trying to unjam the gun, Minh grabbed the gun and a struggle ensued. Hung joined the struggle and Bradley hit Hung over the head several times with the clip from the gun. Hung eventually got the gun away from Bradley, ran outside, and threw the gun on top of a delivery truck parked outside. Bradley followed, got the gun off the top of the truck, and then began shooting toward Hung, but again missed. Hung retrieved his own gun and fired it in the air. At that point, Bradley fled. He turned himself into police the next day.
This appeal was originally submitted by Bradley's counsel filing an Anders brief.[2] However, upon our review of the record, we noticed an issue arguable on its merits that warranted further briefing. We granted Bradley's counsel's motion to withdraw, appointed new counsel to represent Bradley, and requested that the parties file briefs addressing the following issue:
"In light of Powell v. State, 624 So.2d 220 (Ala.Crim.App.1993), is second-degree assault under § 13A-6-21(a)(2), Ala.Code 1975, the crime for which [Bradley] was convicted, a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1), Ala.Code 1975, the crime for which [Bradley] was indicted?"
We also requested that the parties address the implications of Hamilton v. State, 455 So.2d 170 (Ala.Crim.App.1984), and Burton v. State, 487 So.2d 951 (Ala.Crim.App. 1984), on this issue. Both parties filed thorough and well-argued briefs addressing the issue and, after reviewing the briefs as well as the record in this case, we conclude that second-degree assault under § 13A-6-21(a)(2) is not a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1) as charged in Bradley's indictment.
*223 Bradley was indicted for first-degree robbery pursuant to § 13A-8-41(a)(1), which provides that "[a] person commits the crime of robbery in the first degree if he violates Section 13A-8-43[3] and he . . . [i]s armed with a deadly weapon or dangerous instrument."[4] However, Bradley was convicted of second-degree assault pursuant to § 13A-6-21(a)(2), which provides that "[a] person commits the crime of assault in the second degree if . . . [w]ith intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument."
Section 13A-1-9 provides, in pertinent part:
"(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
"(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
"(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
"(3) It is specifically designated by statute as a lesser degree of the offense charged; or
"(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interests, or a lesser kind of culpability suffices to establish its commission."
In Bush v. State, 580 So.2d 106 (Ala. Crim.App.1991), the appellant was indicted for and convicted of robbery in the first degree under § 13A-8-41(a)(1). This Court held that he was not entitled to a jury instruction on assault in the second degree because second-degree assault was not a lesser-included offense of first-degree robbery. In Powell v. State, 624 So.2d 220 (Ala.Crim.App.1993), this Court addressed the issue whether the appellant, who had been indicted for and convicted of robbery in the first degree pursuant to § 13A-8-41(a)(1), was entitled to jury instructions on assault in the second degree *224 pursuant to § 13A-6-21(a)(3) and assault in the third degree pursuant to § 13A-6-22(a)(2)  reckless assault. Holding that the appellant was not entitled to such instructions, this Court explained:
"The appellant argues that the trial court erred by refusing to give his requested jury instructions regarding reckless assault. He contends that because he asserted at trial that he had been intoxicated and, therefore, that he did not have the specific intent to commit robbery, the trial court should have instructed the jury regarding reckless assault in the second degree as provided by § 13A-6-21(a)(3) and reckless assault in the third degree, as provided by 13A-6-22(a)(2), Code of Alabama 1975.
"The appellant was charged by indictment with robbery in the first degree for `us[ing] force or threaten[ing] the imminent use of force against the person of Katherine Griffin, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with [her] property, while [he] was armed with a deadly weapon or dangerous instrument . . . .' He was not charged pursuant to § 13A-8-41(a)(2), which provides for robbery in the first degree in which the defendant allegedly caused `physical injury to another.' The state merely had to prove that he used `force,' rather than prove that the victim suffered `physical injury.'
"Neither reckless assault in the second degree as provided for by § 13A-6-21(a)(3) nor reckless assault in the third degree as provided for by § 13A-6-22(a)(2), is a lesser included offense of the robbery in the first degree alternative of § 13A-8-41(a)[(1)], as the term `lesser included offense' is defined by § 13A-1-9 or by Ex parte Jordan, 486 So.2d 485 (Ala.1986). Neither assault offense `is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged. . . .' See § 13A-1-9(a)(1). Both § 13A-6-21(a)(3) and § 13A-6-22(a)(2) require proof of some physical injury before one can be charged with assault, whereas § 13A-8-41(a)[(1)] requires only proof of force for one to be charged with robbery. Neither assault section `consists of an attempt or solicitation to commit [robbery in the first degree] or to commit a lesser included offense.' See § 13A-1-9(a)(2). Nor is reckless assault in the second or third degree `specifically designated by statute as a lesser degree' of robbery in the first degree. See § 13A-1-9(a)(3). Finally, contrary to § 13A-1-9(a)(4), both code sections charging assault require greater injury than required to charge robbery rather than lesser injury. Thus, because reckless assault as provided by §§ 13A-6-21(a)(3) and -22(a)(2) is not a lesser included offense of robbery in the first degree as charged in the indictment, the trial court did not err by refusing the appellant's requested jury instructions."[5]
624 So.2d at 225-26.
The rationale in Powell is applicable here. As was the case in Powell, Bradley was charged with first-degree robbery under § 13A-8-41(a)(1)  using or threatening the imminent use of force against the victim while armed with a deadly weapon or dangerous instrument  not under § 13A-8-41(a)(2)  using or threatening the imminent use of force against the victim and causing serious physical injury to *225 the victim. Second-degree assault under § 13A-6-21(a)(2) requires proof of physical injury, whereas first-degree robbery under § 13A-8-41(a)(1) requires proof only of force, see § 13A-1-9(a)(1); thus, second-degree assault under § 13A-6-21(a)(2) actually requires greater injury than that required for first-degree robbery under § 13A-8-41(a)(1), not lesser injury, see § 13A-1-9(a)(4). In addition, second-degree assault under § 13A-6-21(a)(2) does not "consist[] of an attempt or solicitation to commit [first-degree robbery] or to commit a lesser included offense," § 13A-1-9(a)(2), nor is second-degree assault under § 13A-6-21(a)(2) "specifically designated by statute as a lesser degree" of first-degree robbery under § 13A-8-41(a)(1). § 13A-1-9(a)(3). Thus, we hold that second-degree assault under § 13A-6-21(a)(2) is not a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1).
We recognize that in Hamilton this Court suggested that assault was a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1). The issue in Hamilton was whether there was a fatal variance between the indictment and the trial court's oral charge to the jury. The appellant in Hamilton was indicted for first-degree robbery under § 13A-8-41(a)(1); however, the court charged the jury on both § 13A-8-41(a)(1) and (a)(2) in the alternative. Finding no fatal variance because subsections (a)(1) and (a)(2) of § 13A-8-41 were not mutually exclusive and contradictory, but could both occur at the same time, the Court stated:
"Robbery includes the lesser included offenses of `assault with intent to rob, for larceny, for attempt to rob, for assault, or for an assault and battery.' Robertson v. State, 24 Ala.App. 237, 237, 133 So. 742, 742 (1931), Rickard v. State, 44 Ala.App. 281, 207 So.2d 422 (1968). The lesser included offenses are the same for robbery under § 13A-8-41(a)(1) and under § 13A-8-41(a)(2)."
455 So.2d at 173. The issue in Hamilton was not whether assault could be a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1), as is the issue here, but whether it was error to charge the jury on both subsections of the first-degree robbery statute; thus, this statement was not essential to the holding in Hamilton, but was dicta.[6] Moreover, in making this statement, the Court in Hamilton relied on caselaw that predated the adoption of the robbery and assault statutes and that dealt with the common-law definitions of robbery and assault, definitions very different from the ones in the current statutes, see Commentary to §§ 13A-8-40 through 13A-8-44 and Commentary to §§ 13A-6-20 through 13A-6-22, and the Court undertook no analysis of the statutory elements of robbery or assault in making the statement. Therefore, we do not believe the statement in Hamilton, that the lesser-included offenses are the same for both § 13A-8-41(a)(1) and § 13A-8-41(a)(2), is controlling on this issue. However, to avoid any ambiguity in that regard, we expressly overrule Hamilton to the extent that it suggests that *226 assault is a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1).
We likewise find that Burton is not controlling. In Burton, the appellant was indicted for and convicted of robbery in the first degree pursuant to § 13A-8-41(a)(1). This Court held that the appellant was not entitled to an instruction on assault in the first degree because "[t]he evidence is subject to no reasonable construction that the defendant committed an assault in the first degree upon the alleged victim but that he did so without any intent to steal." 487 So.2d at 959. However, the Court in Burton did not analyze whether first-degree assault could be a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1) based on the statutory elements of those offenses; it merely assumed that it could be. Therefore, Burton does not stand for the proposition that assault is a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1).
Finally, we reject the State's argument that because the facts in this case indicate that Bradley caused physical injury to the victim and because Bradley consented to the trial court's instructing the jury on second-degree assault,[7] the indictment was effectively "amended" with Bradley's consent to charge second-degree assault and, therefore, his conviction for second-degree assault is proper. Although a trial court can amend an indictment through its jury instructions, see Ash v. State, 843 So.2d 213 (Ala.2002), a "defendant cannot consent to an amendment that effectively charges an offense not contemplated by the indictment." Ex parte Cole, 842 So.2d 605, 608 (Ala.2002). Because we have already determined that second-degree assault under § 13A-6-21(a)(2) is not a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1), any "amendment" to the indictment to charge second-degree assault was improper. See Rule 13.5(a), Ala.R.Crim.P. See also Wright v. State, 902 So.2d 720 (Ala.Crim. App.2004).
Because second-degree assault under § 13A-6-21(a)(2) is not a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1), the trial court lacked jurisdiction to adjudge Bradley guilty of second-degree assault based on the indictment charging robbery in the first degree, and Bradley's conviction and sentence for second-degree assault must be reversed. Moreover, the jury's verdict finding Bradley guilty of second-degree assault effectively acquitted Bradley of first-degree robbery as charged in the indictment; thus, Bradley cannot be retried for robbery in the first degree. See McKelvey v. State, 895 So.2d 1025 (Ala.Crim.App.2004), and Wright.
Based on the foregoing, the judgment of the trial court is reversed and this cause remanded for the trial court to vacate Bradley's conviction and sentence for assault in the second degree.[8]
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

On Application for Rehearing
SHAW, Judge.
In an opinion issued on October 1, 2004, this Court reversed Robert James Bradley's *227 conviction for assault in the second degree, a violation § 13A-6-21(a)(2), Ala. Code 1975, holding that second-degree assault under § 13A-6-21(a)(2) was not a lesser-included offense of robbery in the first degree under § 13A-8-41(a)(1), Ala. Code 1975, as charged in Bradley's indictment.
The State has filed an application for rehearing requesting that we set aside our judgment. Although we have already addressed the several arguments advanced by the State on rehearing, one merits further discussion. The State argues that this Court erroneously concluded that second-degree assault under § 13A-6-21(a)(2) can never be a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1) because, the State says, this Court failed to consider the facts of this particular case. According to the State, the evidence at trial established that Bradley assaulted the victim; therefore, the State argues, second-degree assault is a lesser-included offense of first-degree robbery under the facts in this case. In support of its argument, the State relies on Ex parte Jordan, 486 So.2d 485 (Ala.1986); Anderson v. State, 686 So.2d 381 (Ala. 1996); Eiland v. State, 668 So.2d 147 (Ala. Crim.App.1995); Farmer v. State, 565 So.2d 1238 (Ala.Crim.App.1990); Miller v. State, 565 So.2d 275 (Ala.Crim.App.1989); and Updyke v. State, 501 So.2d 566 (Ala. Crim.App.1986).
The State has misapprehended our holding in this case. We did not hold that second-degree assault under § 13A-6-21(a)(2) can never be a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1); our holding was that, under the facts in this particular case, second-degree assault under § 13A-6-21(a)(2) is not a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1) as charged in Bradley's indictment. We agree with the State that the evidence introduced at trial in this case established an assault; however, the facts necessary to support that charge were not alleged in Bradley's indictment, as was the case in Ex parte Jordan. Moreover, the validity of the holding in Anderson is questionable, and there are insufficient facts in the opinions in Eiland, Farmer, Miller, and Updyke to determine whether they support the State's argument; as recently explained in Childers v. State, 899 So.2d 1025 (Ala.2004):
"In explicating [Ex parte] Cole, [842 So.2d 605 (Ala.2002),] we are confronted with a number of Alabama precedents which address a foundational issue in Cole. Some are consistent with Cole, and some are not. Worse, those that are inconsistent with Cole are also inconsistent with Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
"This foundational issue is the difference between distinct offenses on the one hand and lesser-included offenses on the other. The difference is critical in our jurisprudence because we cannot consistently hold, in one case, that an offense is lesser-and-included within a charged offense for the purpose of affirming a conviction pursuant to a trial or a guilty plea and yet, in another case, hold that the two offenses are distinct for the purpose of affirming two convictions under two separate charges.
"For purposes of double jeopardy, Blockburger, 284 U.S. at 304, held that `where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.' `The Blockburger test turns on the statutory elements *228 of the two offenses, not on the actual evidence that may be used by the state in proving the crimes.' Ex parte Wright, 477 So.2d 492, 493 (Ala.1985). `Alabama has applied the Blockburger test to determine whether two offenses are the "same" under the Alabama Constitution.' Id. However, the Alabama appellate courts have, in deciding whether one offense is lesser-and-included within another, sometimes reached conclusions that conflict with the Blockburger test.
"In Anderson v. State, 686 So.2d 381 (Ala.1996), the defendant Anderson was indicted for the single offense of first-degree rape under § 13A-6-61(a)(1). However, on the basis of the evidence presented by the State, the trial court instructed the jury that it could consider not only first-degree rape under § 13A-6-61(a)(1) but also first-degree assault under § 13A-6-20(a)(1) as a lesser-included offense. The jury found Anderson guilty of first-degree assault, and the trial court convicted and sentenced him accordingly. On appeal, Anderson argued that the trial court erred in instructing the jury on first-degree assault under § 13A-6-20(a)(1) as a lesser-included offense of first-degree rape under § 13A-6-61(a)(1) because first-degree assault under § 13A-6-20(a)(1) requires, as an essential element, a serious physical injury, while first-degree rape under § 13A-6-61(a)(1) does not.
"On certiorari review of the reversal by the Alabama Court of Criminal Appeals, Anderson v. State, 686 So.2d 378 (Ala.Crim.App.1994), the Alabama Supreme Court rejected Anderson's argument. The Supreme Court said:
"`Had Anderson been convicted of rape in the first degree and if no jury charges on assault had been given, then Anderson would have been entitled to a new trial, at which the jury would be instructed on assault as a lesser included offense, because the evidence here would support such a charge. It is apparent in this case that the jury believed that the sexual intercourse between the victim and Anderson was consensual. However, the jury also obviously determined that Anderson subsequently assaulted the victim, and it found him guilty of the offense of assault in the first degree. Therefore, the trial court did not err in charging on assault. The evidence supported the charge.'
"686 So.2d at 384 (emphasis added [in Childers]).
"First-degree rape under § 13A-6-61(a)(1) requires, as an essential element, that the defendant engage in sexual intercourse with the victim by forcible compulsion. First-degree assault under § 13A-6-20(a)(1) does not. First-degree assault under § 13A-6-20(a)(1) requires, as an essential element, that the defendant cause serious physical injury. First-degree rape under § 13A-6-61(a)(1) does not. Therefore, under the Blockburger test, first-degree rape under § 13A-6-61(a)(1) and first-degree assault under § 13A-6-20(a)(1) are two separate offenses rather than a greater offense and its lesser-included offense. Under the Blockburger test, a defendant who committed both first-degree rape under § 13A-6-61(a)(1) and first-degree assault under § 13A-6-20(a)(1) in a single transaction could be indicted for, convicted of, and punished for, both offenses. Ex parte Dawson, 675 So.2d 905, 907 (Ala.1996). Accordingly, the holding in Anderson that the evidence presented by the State on the charge of first-degree rape under § 13A-6-61(a)(1) could make first-degree assault under § 13A-6-20(a)(1) a lesser-included *229 offense of first-degree rape under § 13A-6-61(a)(1) conflicts with the Blockburger test.
"In Ex parte Washington, 571 So.2d 1062 (Ala.1990), the defendant Washington was indicted for first-degree rape under § 13A-6-61(a)(1). While the indictment alleged that the defendant engaged in sexual intercourse with the victim by forcible compulsion, it did not allege the ages of the defendant and the victim. Upon motion of the State, the indictment was amended to charge second-degree rape under § 13A-6-62(a)(1). Washington entered a guilty plea to second-degree rape under § 13A-6-62(a)(1) and then appealed his guilty-plea conviction. On appeal, Washington argued that the indictment could not be validly amended to charge second-degree rape under § 13A-6-62(a)(1) because that offense was not a lesser-included offense of first-degree rape under § 13A-6-61(a)(1). The reason, Washington argued, was that the ages of the defendant and the victim are essential elements of second-degree rape under § 13A-6-62(a)(1), while they are not essential elements of first-degree rape under § 13A-6-61(a)(1). Washington further argued that, since the amendment of the indictment was invalid, the trial court lacked subject-matter jurisdiction to accept his guilty plea to second-degree rape.
"On certiorari review of the affirmance by the Alabama Court of Criminal Appeals, Washington v. State, 564 So.2d 115 (Ala.Crim.App.1990) (table), the Alabama Supreme Court rejected Anderson's argument. In holding that second-degree rape under § 13A-6-62(a)(1) was a lesser-included offense of first-degree rape under § 13A-6-61(a)(1), the Washington Court said:
"`[Washington] was indicted under § 13A-6-61(a)(1), engaging in sexual intercourse with a female by forcible compulsion. The ages of the defendant and the victim are not necessary elements under § 13A-6-61(a)(1). The facts that the State would have brought forth in this case to prove forcible compulsion would have included the ages of Washington and the victim. If this case had gone to a jury, Washington would have been entitled to a jury instruction on second degree rape, as defined in § 13A-6-62(a)(1), the section of the Code Washington was charged with violating [by the amended indictment], and the charge to which he entered a plea of guilty.'
"571 So.2d at 1064 (footnote omitted; emphasis added [in Childers]).
"As noted above, first-degree rape under § 13A-6-61(a)(1) requires, as an essential element, that the defendant accomplish the rape by forcible compulsion. Second-degree rape under § 13A-6-62(a)(1) does not. Second-degree rape under § 13A-6-62(a)(1) requires, as essential elements, that the defendant be 16 years old or older, that the victim be less than 16 and more than 12 years old, and that the defendant be at least two years older than the victim. First-degree rape under § 13A-6-61(a)(1) does not. Thus, under the Blockburger test, first-degree rape under § 13A-6-61(a)(1) and second-degree rape under § 13A-6-62(a)(1) are two different offenses rather than a greater offense and its lesser-included offense. Yet, Washington held that the presentation by the State of evidence of first-degree rape under § 13A-6-61(a)(1), since it might incidentally include evidence of the essential elements of second-degree rape as well, made second-degree rape under § 13A-6-62(a)(1) a lesser-included offense of *230 first-degree rape under § 13A-6-61(a)(1). Thus, the holding in Washington conflicts with the Blockburger test.
"However, the holding in Ex parte Jordan, 486 So.2d 485, 488 (Ala.1986), is compatible with the Blockburger test. In Jordan, the indictment charged Jordan with two counts of murder. Count One, which charged Jordan with reckless murder, alleged that Jordan `"did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to [another person], and did thereby cause the death of John Howard Od[u]m by operating a motor vehicle under the influence of alcohol . . . [and] striking the vehicle which John Howard Od[u]m was operating. . . ."' 486 So.2d at 486 (footnote omitted). Count Two alleged intentional murder. Jordan requested a lesser-included-offense jury instruction on vehicular homicide. The vehicular-homicide statute provides that the essential elements of that offense consist of the defendant's `unlawfully and unintentionally caus[ing] the death of another person while engag[ing] in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle . . . or to the regulation of traffic. . . .' § 32-5A-192(a), Ala.Code 1975 (emphasis added [in Childers]). The trial court denied Jordan's request for a lesser-included-offense jury instruction on vehicular homicide. The jury convicted Jordan of reckless murder under Count One of the indictment.
"On certiorari review of the affirmance by the Alabama Court of Criminal Appeals, Jordan v. State, 486 So.2d 482 (Ala.Crim.App.1985), the Alabama Supreme Court explained and held:
"`Under the proper application of subsection (1) of the lesser-included-offense statute to these criminal statutes, the issue is simple: Can all or fewer than all of these facts establishing the commission of murder also establish the commission of vehicular homicide? In the present case, they conceivably can. According to the language of the indictment and the jury's subsequent conviction thereunder, Jordan "did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death . . . and did thereby cause the death of John Howard Od[u]m by operating a motor vehicle under the influence of alcohol . . . [and] striking the vehicle which John Howard Od[u]m was operating. . . ." Some of these very same facts could establish the commission of vehicular homicide. Jordan operated a vehicle in a manner violating motor vehicle traffic laws, specifically, DUI laws. His driving proximately caused Odum's death.
"`Under the proper application of subsection (4) [of § 13A-1-9], the issue is whether the two criminal statutes differ under these facts only in that vehicular homicide contemplates a less serious injury or risk of injury or requires a lesser kind of culpability. As the [Court of Criminal Appeals] correctly noted, vehicular homicide does require a lesser kind of culpability. Reckless conduct creating a "grave risk of death" and "manifesting extreme indifference to human life" does encompass conduct in violation of motor vehicle laws which unintentionally but proximately causes another's death.
"`Therefore, under the facts of this case, vehicular homicide is a lesser included offense of murder by way of application of either subsection (1) or (4) of Code 1975, § 13A-1-9. Consequently, Jordan was entitled to [a *231 lesser-included-offense jury instruction on vehicular homicide].'
"486 So.2d at 488 (some emphasis added [in Childers]). Thus, Ex parte Jordan held that, because the reckless-murder count of Jordan's indictment alleged all of the essential elements of vehicular homicide, vehicular homicide was a lesser-included offense of the reckless murder charged in his indictment. The Ex parte Jordan Court considered whether the evidence establishing the allegations of the indictment, i.e., `the jury's subsequent conviction [under the indictment],' 486 So.2d at 488, justified a jury instruction on vehicular homicide only because the presence in the indictment of allegations of all of the essential elements of vehicular homicide made vehicular homicide a lesser-included offense under Jordan's indictment.
"The result in Aucoin v. State, 548 So.2d 1053 (Ala.Crim.App.1989), can be justified by the Ex parte Jordan rationale, although the Aucoin court applied a different rationale. A number of other precedents do not reveal enough detail about the content of the respective indictments for us to discern whether those precedents are consistent with Ex parte Jordan and Blockburger, or consistent with Anderson and Washington and inconsistent with Blockburger: Ex parte Long, 600 So.2d 982 (Ala.1992), overruled in part on other grounds by Ex parte Edwards, 816 So.2d 98, 108 (Ala.2001); Ex parte Stephens, 512 So.2d 786, 787-89 (Ala.1987); Ex parte Oliver, 518 So.2d 705, 705-07 (Ala.1987); Crawford v. State, 886 So.2d 846 (Ala. Crim.App.2003); Culpepper v. State, 827 So.2d 883, 884-87 (Ala.Crim.App.2001); C.P. v. State, 597 So.2d 246, 247 (Ala. Crim.App.1992); Black v. State, 586 So.2d 968 (Ala.Crim.App.1991); Farmer v. State, 565 So.2d 1238, 1239-40 (Ala. Crim.App.1990); Miller v. State, 565 So.2d 275, 276 (Ala.Crim.App.1989); Johnston v. State, 518 So.2d 244, 245-46 (Ala.Crim.App.1987); and Updyke v. State, 501 So.2d 566, 567-68 (Ala.Crim. App.1986).
"The holding in Cole is consistent with Ex parte Jordan and Blockburger. In Cole, `[t]he indictment by which Cole was charged [with first-degree robbery] alleged only facts describing a first-degree robbery in which he acted alone.' 842 So.2d at 608. Cole pled guilty to second-degree robbery. At Cole's guilty-plea proceeding, the prosecutor stated that the evidence established that another participant was present when Cole committed the robbery. This Court held that, while Cole's `plea of guilty to the offense of second-degree robbery, in effect, "amended" his indictment to charge second-degree robbery,' 842 So.2d at 606, that informal `amendment' was not valid because it failed to comply with Rules 13.5(a) and 13.2(c), Ala.R.Crim.P., which `combine to permit only those amendments that charge a lesser-included offense [encompassed within the offense charged in the original indictment],' 842 So.2d at 608. Since Cole's original indictment failed to allege `facts from which one might conclude that the defendant was aided in the robbery by another participant  an essential element of the offense of second-degree robbery,' 842 So.2d at 609, Cole's indictment could not be informally amended by the prosecutor's evidence that Cole was aided by another participant and Cole's plea of guilty to second-degree robbery. `To treat the proceedings in this case as if the original indictment included [the] additional fact [that another participant was present] just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment *232 of an indictment.' Id. Finally, Cole held that, since the indictment was not validly amended to charge second-degree robbery, the trial court lacked subject-matter jurisdiction to accept Cole's guilty plea to second-degree robbery. 842 So.2d at 607-09."
899 So.2d at 1028-33 (footnotes omitted).
In Childers five Justices concurred to quash the writ as improvidently granted, but only four Justices concurred in the main opinion. Although the main opinion is not a majority opinion for precedential purposes, it nonetheless is consistent with this Court's interpretation of Ex parte Cole, 842 So.2d 605 (Ala.2002), see Toliver v. State, 881 So.2d 1070 (Ala.Crim.App. 2003), and with the decisions of both this Court and the Supreme Court in Wright v. State, 902 So.2d 720 (Ala.Crim.App.2004), aff'd, 902 So.2d 738 (Ala.2004).
APPLICATION OVERRULED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
NOTES
[1] Bradley was also indicted for attempted murder, a violation of §§ 13A-6-2 and 13A-4-2, Ala.Code 1975; the jury found him guilty of the lesser-included offense of reckless endangerment, a violation of § 13A-6-24, Ala. Code 1975. Bradley does not appeal that conviction.
[2] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[3] Section 13A-8-43 provides, in pertinent part:

"(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
"(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
"(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
[4] Bradley's indictment charged, in pertinent part:

"The grand jury of said county charge that, before the finding of this indictment, Robert James Bradley, whose name is to the grand jury otherwise unknown than as stated, did in the course of committing a theft of property, to-wit: lawful United States currency, the property of TNT Transmission Service located at 2821 Government Street, use or threaten the imminent use of force against the person of Hung Nguyen, with intent to compel acquiescence to the taking of or escaping with the property, while the said Robert Bradley, or another participant, was armed with a deadly weapon or dangerous instrument, to-wit: a gun, in violation of § 13A-8-41(a)(1) of the Code of Alabama, against the peace and dignity of the State of Alabama."
(C. 4.) At the charge conference, when asked about the charge on first-degree robbery, the prosecutor specifically stated that he was proceeding under subsection (a)(1) of § 13A-8-41  that Bradley was armed with a deadly weapon or dangerous instrument  not under subsection (a)(2)  that Bradley caused serious physical injury (R. 271-75), and the trial court charged the jury solely on subsection (a)(1) (R. 318-22; 336-39).
[5] We note that the Court in Powell mistakenly cites to § 13A-8-41(a) (2), instead of § 13A-8-41(a) (1) in two places; we have corrected these errors by putting the correct subsections in brackets.
[6] We also note that, in holding that the indictment in Hamilton, although charging only a violation of § 13A-8-41(a)(1), was sufficient to notify the appellant that he would be expected to defend against either § 13A-8-41(a)(1) or § 13A-8-41(a)(2), this Court relied on Farley v. State, 437 So.2d 639 (Ala.Crim. App.1983), which held that there was no variance between an indictment charging theft of currency and proof of the theft of a check. However, Farley was overruled by Ex parte Airhart, 477 So.2d 979 (Ala.1985), in which the Alabama Supreme Court held that there was a fatal variance between an indictment charging theft of currency and proof of the theft of a check. Therefore, the continuing validity of the holding in Hamilton is questionable.
[7] The record reflects that Bradley requested a jury instruction on third-degree assault and that, in response, the State then requested the jury instruction on second-degree assault. Bradley consented to the jury's being charged on both second- and third-degree assault.
[8] Because of our disposition of this case, we decline to address the other issue raised by Bradley in his brief.